```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| MARGARET A. LUCAS, *individually, as widow and wrongful death beneficiary, and as personal representative of the estate of John A. Lucas, deceased*, et al. | : <br> : <br> : <br> : |
| v. | : Civil Action No. DKC 14-2032 |
| UNITED STATES OF AMERICA | : <br> : <br> : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this malpractice case brought under the Federal Tort Claims Act ("FTCA") is a motion to dismiss filed by the United States. (ECF No. 7). The case was stayed after the initial briefing pending resolution of a case in the United States Supreme Court. The parties have submitted supplemental briefing since the stay was lifted. (ECF Nos. 18; 19; 21). The issues are fully briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the following reasons, the motion to dismiss will be granted.

On June 24, 2014, Plaintiffs filed a complaint in this court against the United States. (ECF No. 1). The complaint recites that, on or about February 23, 2010, Plaintiffs filed a claim with the Navy in connection with medical care and treatment rendered from November 2003 through August 11, 2009.

On November 7, 2013, the Navy issued a formal denial of the FTCA claim, which was received by Plaintiffs on November 13, 2013. Plaintiffs filed a claim with the Health Care Alternative Dispute Resolution Office of the State of Maryland ("HCADRO") on November 21, 2013. On May 19, 2014, Plaintiffs filed a Waiver of Arbitration and a Certificate and Report of Meritorious Claim from their expert. The Order of Transfer was issued by HCADRO on May 20, 2014. As noted, the complaint in this court was filed June 24, 2014.

The United States contends that the complaint should be dismissed because it was not filed in this court within six months of the denial of the administrative claim by the Navy.[1] Plaintiffs respond that the filing in the HCADRO was a timely commencement of their action and, if it was not, there are grounds for equitable tolling of the six week period by which their filing in this court was late. Unfortunately, Plaintiffs are wrong on both grounds and this case must be dismissed.

The FTCA bars a plaintiff's claim unless it is "presented to the 'appropriate Federal agency within two years after such

---

[1] The initial motion was based on Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. After the Supreme Court decided *United States v. Wong*, 135 S.Ct. 1625 (2015), the parties understand that the issue is not one of subject matter jurisdiction, but rather a failure to state a claim or summary judgment.

claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *Wong*, 135 S.Ct. at 1629 (quoting 28 U.S.C. § 2401(b)). As Judge Hollander noted recently, "the plain meaning of the [FTCA's] statutory text is that an '*action* is begun' when it is filed in court." *Horsey v. United States*, No. ELH-14-03844, 2015 WL 1566238, at *5 (D.Md. Apr. 7, 2015) (emphasis in original) (quoting § 2401(b)). Judge Grimm held similarly in a recent Letter Order, stating that "filing a claim with the [HCADRO] is a substantive precondition to commencing a suit in the U.S. District Court, but such a filing does not begin an 'action' for the purposes of the [FTCA]." *Raplee v. United States*, No. PWG-13-1318, ECF No. 18 (D.Md. Feb. 11, 2014). Nothing in *Wong* changes this analysis or its application to the facts of this case.

The Supreme Court's decision in *Wong* did alter the nature of the FTCA's six-month bar, changing it from an unwaivable jurisdictional requirement to a nonjurisdictional bar subject to equitable tolling. *Wong*, 135 S.Ct. at 1638. "A plaintiff is entitled to equitable tolling 'only if [s]he shows (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." *Raplee v. United States*, No. PWG-13-1318, 2015 WL 9412520, at *2 (D.Md. Dec. 22, 2015) (quoting

*Holland v. Florida*, 560 U.S. 631, 649 (2010)). Here, Plaintiffs have failed to demonstrate that extraordinary circumstances prevented timely filing.[2] Plaintiffs' contention that "the complex interplay of federal and state statutory schemes prevented them from filing" does not rise to the level of an "extraordinary circumstance" warranting equitable tolling, and Plaintiffs do not argue as such. (ECF No. 19-1, at 10). Plaintiffs' argument that their attorney was negligent in failing to file this action timely "has long been recognized as falling short of an extraordinary circumstance warranting equitable tolling." *Raplee*, 2015 WL 9412520, at *4 (citing *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)).

Accordingly, the motion to dismiss will be granted by separate order.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[2] Because Plaintiffs have not shown extraordinary circumstances, it is not necessary to analyze the diligence element. Any diligence argument would, however, be undermined by the fact that Plaintiffs did not file a Waiver of Arbitration with the HCADRO until more than six months after receiving the denial of the administrative claim.